# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sean C Rosenberry and<br>Jill Rosenberry, h/w<br>125 Lynn Rd<br>Ridley Park, PA 19078<br><br>          v.<br><br>Howard Dwain Sampson<br>32052 Flower Hill Church Rd<br>Eden, MD 21822<br><br>          and<br><br>Tina Sampson<br>712 Jefferson St<br>Salisbury, MD 21804 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION - COMPLAINT - NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES. YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA OEN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGAOO OSI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Liceneados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

## PARTIES

1. Plaintiff, **Sean C Rosenberry,** at all times relevant hereto is an adult resident of the Commonwealth of Pennsylvania residing at 125 Lynn Rd, Ridley Park, PA 19078.

2. Plaintiff, **Jill Rosenberry**, is an adult resident of the Commonwealth of Pennsylvania residing at 125 Lynn Rd, Ridley Park, PA 19078.

3. At all times relevant hereto, Plaintiffs, **Sean C Rosenberry** and **Jill Rosenberry**, were married.

4. Defendant, **Howard Dwain Sampson,** at all times relevant hereto is an adult resident of the state of Maryland residing at 32052 Flower Hill Church Rd, Eden, MD 21822.

5. Defendant, **Tina Sampson,** at all times relevant hereto is an adult resident of the state of Maryland residing at 712 Jefferson Street, Salisbury, MD 21804.

## STATEMENT OF JURISDICTION

6. This case is brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship. Because Plaintiffs are all citizens of Pennsylvania, Defendants are all citizens of Maryland, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court.

## COMMON ALLEGATIONS OF FACT

7. On September 9, 2022, the Defendant, **Howard Dwain Sampson,** owned, possessed, controlled and/or operated certain motor vehicles involved in the collision hereinafter described.

8. On September 9, 2022, the Defendant, **Tina Sampson,** owned, possessed, controlled and/or operated certain motor vehicles involved in the collision hereinafter described.

9. At all times material hereto, Plaintiff, **Sean C Rosenberry,** was the driver and operator of a vehicle in which said vehicle was involved in the collision hereinafter described.

10. On or about July 29, 2023, Plaintiffs' vehicle came to a stop at the stoplight intersecting US13 Southbound and Connelly Mill Road, MD, when the vehicle owned by **Tina Sampson** and operated by Defendant, **Howard Dwain Sampson,** was so carelessly, recklessly and negligently operated and controlled that it crashed into the rear of the vehicle in which Plaintiff occupied, which was lawfully upon the roadway, propelling it into the vehicle operated by **Charles Joseph Harrington**.

11. At all relevant times hereto, Defendants, **Howard Dwain Sampson** and **Tina Sampson,** were acting through their respective agents (actual, apparent or ostensible), servants and/or employees and some or all of the Defendants may have been agents, servants, and employees of the other Defendants.

## COUNT I
### Sean C Rosenberry v. Howard Dwain Sampson

12. The above averments are hereby incorporated by reference as though fully set forth herein at length.

13. The carelessness, recklessness and negligence of Defendant, **Howard Dwain Sampson** consisted of the following:

- (a) operating said motor vehicle at a high and excessive rate of speed under the circumstances;

- (b) failing to have said motor vehicle under proper and adequate control at the time of the accident;

- (c) failing to apply the brakes in time to avoid the collision;

- (d) failing to stop and/or remain stopped and yield the right of way of the vehicle which Plaintiffs' occupied;

- (e) operating said motor vehicle in a reckless manner without due regard for the rights and safety of those lawfully upon the highway, including Plaintiff, **Sean C Rosenberry,** at the point aforesaid;

- (f) failing to give proper and sufficient warning of the approach of said vehicle;

- (g) failure to pay attention while operating said motor vehicle;

- (h) operating a vehicle in a careless manner, in violation of 75 PA C.S.A. §3714;

- (i) operating a vehicle at an unsafe speed, in violation of 75 PA C.S.A. §3361;

- (j) failure to have Defendant's vehicle under proper control under the circumstances which resulted in Defendant's vehicle striking the vehicle occupied by Plaintiffs.

- (k) sleeping while operating a motor vehicle on the roadway

- (l) acting in reckless disregard to the motoring public by operating a motor vehicle knowing that defendant was exhausted and falling asleep

- (m) acting in reckless disregard by failing to pull over when falling asleep

- (n) acting in reckless disregard to the motor public by placing others in harm's way when sleeping behind the wheel of a motor vehicle.

14. By reason of the aforesaid negligence of the Defendant as hereinbefore alleged, the Plaintiff, **Sean C Rosenberry,** suffered severe and permanent injuries to his head, neck, shoulder, arms, and knees and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, **Sean C Rosenberry,** suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss. The Plaintiff, **Sean C Rosenberry,** believes and therefore avers that his injuries are permanent in nature.

15. As a result of the aforesaid occurrence, the Plaintiff, **Sean C Rosenberry,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

16. As a result of the aforesaid occurrence, the Plaintiff, **Sean C Rosenberry,** has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

17. As a result of the aforesaid occurrence, the Plaintiff, **Sean C Rosenberry,** has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, **Sean C Rosenberry,** demands damages of the Defendant, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus punitive damages, delay damages, costs, interests, and other damages permitted by law.

### COUNT II
### Sean C Rosenberry v. Tina Sampson

18. The above averments are hereby incorporated by reference as though fully set forth herein at length.

19. The carelessness and negligence of Defendant, **Howard Dwain Sampson, and Tina Sampson** consisted of the following:

- a) operating said motor vehicle at a high and excessive rate of speed under the circumstances;
- b) failing to have said motor vehicle under proper and adequate control at the time of the accident;
- c) failing to apply the brakes in time to avoid the collision;
- d) failing to stop and/or remain stopped and yield the right of way of the vehicle which Plaintiffs' occupied;
- e) operating said motor vehicle in a reckless manner without due regard for the rights and safety of those lawfully upon the highway, including Plaintiff, **Sean C Rosenberry,** at the point aforesaid;
- f) failing to give proper and sufficient warning of the approach of said vehicle;
- g) failure to pay attention while operating said motor vehicle;
- h) operating a vehicle in a careless manner, in violation of 75 PA C.S.A. §3714;
- i) operating a vehicle at an unsafe speed, in violation of 75 PA C.S.A. §3361;

(j) failure to have Defendant's vehicle under proper control under the circumstances which resulted in Defendant's vehicle striking the vehicle occupied by Plaintiffs.

(k) Acting in reckless indifference to the motoring public by permitting defendant **Howard Dwain Sampson** to operate said motor vehicle on the roads knowing he sleeps and/or he has the tendency to sleep behind the wheel

(l) Negligent entrustment of Defendant, **Howard Dwain Sampson** to operate the vehicle involved in the collision.

20. By reason of the aforesaid negligence of the Defendant as hereinbefore alleged, the Plaintiff, **Sean C Rosenberry,** suffered severe and permanent injuries to his head, neck, shoulder, arms, and knees and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, **Sean C Rosenberry,** suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss. The Plaintiff, **Sean C Rosenberry,** believes and therefore avers that his injuries are permanent in nature.

21. As a result of the aforesaid occurrence, the Plaintiff, **Sean C Rosenberry,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

22. As a result of the aforesaid occurrence, the Plaintiff, **Sean C Rosenberry,** has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

23. As a result of the aforesaid occurrence, the Plaintiff, **Sean C Rosenberry,** has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE,** Plaintiff, **Sean C Rosenberry,** demands damages of the Defendant, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus punitive damages, delay damages, costs, interests, and other damages permitted by law.

### Count III

### Jill Rosenberry v. Defendants

30. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully incorporated herein at length.

31. Plaintiff, **Jill Rosenberry**, is the spouse of **Sean C Rosenberry**, and as such, has incurred expenses in the treatment of her spouse's injuries, and may in the future be caused to incur additional expenses as she has in the past.

32. As a result of the aforesaid occurrence, Plaintiff, **Jill Rosenberry**, to her great damage and loss, has been deprived of the society, companionship, services, and assistance of her spouse, to which she is legally entitled.

**WHEREFORE,** Plaintiffs demand damages of Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, delay damages, costs, interests, and other damages permitted by law.

**MEZROW LAW, LLC**

BY: /s/ Steven M. Mezrow
STEVEN M. MEZROW, ESQUIRE
Attorney for Plaintiff

DATED: **June 26, 2025**

## VERIFICATION

I, Sean Rosenberry, state that I am the within named Plaintiff and that the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties relating to unsworn falsification to authorities.

_Sean Rosenberry_
Sean Rosenberry

DATED: June 26, 2025